BENOIST, E. E., et al., Plaintiffs,

v.

BROTHERHOOD OF LOCOMOTIVE EN-GINEERS, and United Transportation Union, Norfolk & Western Railroad Carrier Representatives, Defendants.

No. 75–522C(2).

United States District Court, E. D. Missouri, E. D.

Dec. 29, 1976.

---

Charles P. Todt and Susan Hammer, Clayton, Mo., for plaintiffs.

Albert E. Schoenbeck, St. Louis, Mo., Martin M. Lucente, Chicago, Ill., for Norfolk & Western RR Co.

John H. Haley, Jr., St. Louis, Mo., for United Transp. Un.

John L. Rooney, St. Louis, Mo., for Brotherhood of Loc.

## MEMORANDUM

REGAN, District Judge.

The basic issue for resolution on defendants' motions to dismiss is whether this action should be dismissed under the doctrine of primary jurisdiction.

Notwithstanding plaintiff's contention to the contrary, the controversy in this case arises and has its roots in the merger of the New York, Chicago and St. Louis Railroad Company (Nickel Plate) and the Norfolk & Western Railway Company (N & W) and the consolidation therein by lease of the Wabash Railroad Company (Wabash). The merger and lease were approved by the Interstate Commerce Commission (ICC). An agreement for the protection of employees was approved and adopted by the ICC as a condition of its approval of the merger and consolidation. Plaintiffs claim to have been adversely affected by actions subsequently taken in furtherance of the consolidation of the facilities of the railroad and alleged that their union, United Transportation Union, breached its duty of fair representation.

In our judgment, *Augspurger v. Brotherhood of Locomotive Engineers*, 510 F.2d 853 (8 Cir. 1975) controls this case. Therein, the Court held that in general the courts should defer to the doctrine of primary jurisdiction of the agency which supervised and approved the merger and consolidation. It noted, however, that because the court created right of employees to fair representation by their bargaining agent has been "jealously guarded by the judiciary," the doctrine of primary jurisdiction may not be invoked in a *genuine* fair representation action, even though the disputed conduct arose out of an agency approved merger. In so holding, the Court stated,

"Precisely because it is an exception to a rule with strong interests of its own, the fair representation doctrine must be defined with sufficient narrowness so that the exception does not emasculate the rule."

*Augspurger* made it clear that in order to state a claim of unfair representation, the plaintiff must have more than conclusory statements alleging discrimination. "In particular plaintiffs must make a *showing* that the action or inaction . . . complained of was *motivated* by bad faith, for the gravamen of the rule is 'hostile discrimination.'"

In the complaint as originally filed, plaintiffs made no allegations whatever, even of a conclusory nature, respecting the claim of unfair representation. While the motions to dismiss were under submission, plaintiffs were granted leave to amend their complaint by adding the following allegations:

"That the defendants have acted wantonly or maliciously or that they have acted wrecklessly (sic) in callous disregard of plaintiffs rights, or that plaintiffs' rights were disregarded with unnecessary harshness or severity.

That plaintiffs' suit vindicates a right shared by all members of their union: the right to fair representation of each individual's claim against the employer."

The conclusory allegations added by amendment do not suffice as the *showing* required by *Augspurger* of bad faith motivation or of an intent to hostilely discriminate against plaintiffs. The allegations are "plainly insufficient." If, as the complaint alleges, the employees protection agreement has not been complied with, the resolution of this issue is for the ICC in the first instance. Accordingly, we decline jurisdiction and sustain the motions of defendants to dismiss. An order dismissing the complaint as amended will be entered.